UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

BRANDON GUTIERREZ,                                  Case No. 18 CV 3621
                          Plaintiff,

       -against-                                    **COMPLAINT**

THE CITY OF NEW YORK, P.O. DERICK                   JURY DEMAND
RUSS [SHIELD # 4555], P.O. DANIEL TRIONE
[TAX REG. # 949743], DETECTIVE JONATHAN
BULZOMI [SHIELD # 6583], SERGEANT JOHN
DIAZ [SHIELD # 3864], P.O. CHARLES
SCHWARTZ [SHIELD # 5458], SERGEANT
TIMOTHY CECCHINI [SHIELD # 613], P.O.
JUSTIN PUCCIA [SHIELD # 15693], SERGEANT
HELLMAN, SERGEANT TIMOTHY EVANS
[SHIELD # 4148], and JOHN DOE and JANE
DOE #1-5 (the names John and Jane Doe being
fictitious, as the true names are presently unknown),
                          Defendants.
-----------------------------------------------------------------------X

Plaintiff, BRANDON GUTIERREZ, by his attorney, The Law Offices of UGO UZOH,

P.C., complaining of the defendants herein, The City of New York, P.O. Derick Russ

[Shield # 4555], P.O. Daniel Trione [Tax Reg. # 949743], Detective Jonathan Bulzomi

[Shield # 6583], Sergeant John Diaz [Shield # 3864], P.O. Charles Schwartz [Shield #

5458], Sergeant Timothy Cecchini [Shield # 613], P.O. Justin Puccia [Shield # 15693],

Sergeant Hellman, Sergeant Timothy Evans [Shield # 4148], and John Doe and Jane Doe

#1-5 (collectively, "Defendants"), respectfully alleges as follows:

<u>NATURE OF THE ACTION</u>

1.       This is an action at law to redress the deprivation of rights secured to the
         plaintiff under color of statute, ordinance, regulation, custom, and/or to
         redress the deprivation of rights, privileges, and immunities secured to the
         plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the
         Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising
         under the law and statutes of the City and State of New York.

<u>JURISDICTION</u>

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

<u>COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS</u>

4.      Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.      At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6.      This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

<u>THE PARTIES</u>

7.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10.     Defendant P.O. Derick Russ [Shield # 4555] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11.     Defendant P.O. Daniel Trione [Tax Reg. # 949743] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

12.     Defendant Detective Jonathan Bulzomi [Shield # 6583] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

13.     Defendant Sergeant John Diaz [Shield # 3864] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

14.     Defendant P.O. Charles Schwartz [Shield # 5458] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

15.     Defendant Sergeant Timothy Cecchini [Shield # 613] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

16.     Defendant P.O. Justin Puccia [Shield # 15693] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

17.     Defendant Sergeant Hellman was at all times material herein a police officer employed by the NYPD. S/he is named here in his or her official and individual capacities.

18.     Defendant Sergeant Timothy Evans [Shield # 4148] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

19.     Defendants John Doe and Jane Doe #1-5 were at all times material herein individuals and/or officers employed by the NYPD and Kings County District Attorney's office ("KCDA"). They are named here in their official and individual capacities.

20.     Defendants Russ, Trione, Bulzomi, Diaz, Schwartz, Cecchini, Puccia, Hellman, Evans, and John Doe and Jane Doe #1-5 are collectively referred to herein as "defendant officers".

21.     At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

22.     On or about July 18, 2015, at approximately 4:40 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of 1159 Liberty Avenue, Brooklyn, New York, and charged plaintiff with multiple counts of N.Y. PL 160.15(3)(4) 'Robbery in the first degree', N.Y. PL 160.10(1)(2)(a) 'Robbery in the second degree', N.Y. PL 160.05 'Robbery in the third degree', N.Y. PL 140.30(2)(3)(4) 'Burglary in the first degree', N.Y. PL 140.25(1)(B)(C)(D) 'Burglary in the second degree', N.Y. PL 140.20 'Burglary in the third degree', N.Y. PL 120.05(2) 'Assault in the second degree', N.Y. PL 120.00(1) 'Assault in the third degree', N.Y. PL 120.15 'Menacing in the third degree', N.Y. PL 120.14(1) 'Menacing in the second degree', N.Y. PL 155.25 'Petit larceny', N.Y. PL 155.30(1)(5) 'Grand larceny in the fourth degree', N.Y. PL 165.40 'Criminal possession of stolen property in the fifth degree', N.Y. PL 165.45 'Criminal possession of stolen property in the fourth degree', N.Y. PL 265.01(2) 'Criminal possession of a weapon in the fourth degree', N.Y. PL 110/120.00(1) 'Attempted Assault in the third degree', N.Y. PL 240.26(1) 'Harassment in the second degree', and N.Y. PL 140.05 'Trespass'.

23.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

24.     Prior to the arrest, plaintiff had just entered inside a sneaker store, Foot Locker, at the above address to collect three (3) pairs of sneakers which he had preordered for himself and his two (2) kids.

25.     Upon picking up the sneakers, plaintiff was approached by defendant officers.

26.     Upon approaching the plaintiff, defendant officers forcibly grabbed and removed from the plaintiff a shopping bag containing the aforementioned sneakers.

27.     Defendant officers also forcibly grabbed and removed the plaintiff's headphones which he wore at the time.

28. Defendant officers proceeded to tightly handcuff the plaintiff with his hands placed behind his back.

29. Defendant officers eventually removed the plaintiff from the sneaker store, and first placed him in on his knees and, ultimately, forced him to lie face down in front of the sneaker store.

30. Plaintiff sustained injuries during the arrest.

31. Plaintiff enquired as to the reason for the arrest.

32. Defendant officers ignored the plaintiff's inquiries.

33. Defendant officers subjected the plaintiff to an illegal search.

34. Defendant officers did not recover any contraband from their unlawful search of the plaintiff.

35. Defendant officers did however remove three (3) cell phones, a wallet and approximately six hundred dollars ($600) from the plaintiff's pockets.

36. The wallet was a customized wallet which the plaintiff received from his grandfather with his last name engraved on the inside of the wallet.

37. When questioned as to the owner of the cell phones, plaintiff duly advised defendant officers that they were his, and that he had the passcode or password for each and cell phone.

38. Defendant officers did not allow the plaintiff to open the locked cell phones with his passcode.

39. Defendant officers did not issue or provide the plaintiff with any voucher specifying the properties seized from him with the constitutionally-required notice printed on the voucher describing how the plaintiff could reclaim the aforementioned properties.

40. Defendant officers did not otherwise notify the plaintiff of any procedure he could follow to reclaim or recover his properties, and have refused to return the aforesaid properties -- including, but not limited to, the sneakers, headphone, cell phones, wallet and sum of money -- to the plaintiff.

41. Eventually, defendant officers transported the plaintiff to NYPD-75th Precinct where he was detained for a lengthy period of time.

42.      Defendant officers refused to provide the plaintiff with food and water, and denied him contact and visitation with friends and family.

43.      After detaining the plaintiff for a lengthy period of time at the precinct, plaintiff was transported to the Central Booking to await arraignment.

44.      While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

45.      During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff committed the charged crime/offense(s).

46.      At all times material, and upon information and belief, plaintiff was not positively identified as the perpetrator of any crime or offense by any individual.

47.      At all times material, and upon information and belief, defendants did not have any evidence connecting the plaintiff to any crime or offense.

48.      Notwithstanding the above, defendant officers identified the plaintiff as a suspect and framed the plaintiff as the perpetrator of the charged crime/offense(s).

49.      Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

50.      Defendant officers continued the malicious prosecution by offering false testimony to the Kings County Grand Jury, causing the Kings County Grand Jury to return a true bill of indictment as to majority of the crime/offenses charged.

51.      The Kings County Grand Jury returned a no true bill of indictment as to some of the charges.

52.      Upon the plaintiff's arraignment, bail was set to secure the plaintiff's release.

53.      Because plaintiff could not make bail, plaintiff was transported to Rikers Island, and was incarcerated at said facility for nearly two (2) years.

54.      Plaintiff was traumatized during the period of his incarceration, and sustained various injuries, both physical and emotional injuries, while in the jail.

55.     In addition, the plaintiff, who owned a cleaning business just prior to his incarceration, lost his cleaning business, and was, and has been, unable to care for his children and family both financially and otherwise.

56.     On or about June 23, 2017, plaintiff was tried and found not guilty of the false charges levied against him.

57.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

58.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

59.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

60.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61.     The conduct of defendant officers, as described herein, amounted to false arrest.

62.     Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

63.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

64.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 63 of this complaint as though fully set forth herein.

65.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

66.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

67.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

68.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.

69.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

70.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

71.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

72.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>FOURTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendants</u>

73.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.

74.     Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

75.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

76.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

77.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers</u>

78.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 77 of this complaint as though fully set forth herein.

79.     Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

80.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

81.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

82.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SIXTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK</u> - against defendant officers

83.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84.     The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk.

85.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

86.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SEVENTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE</u> - against defendant officers

87.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88.     Defendant officers subjected plaintiff to unreasonable search & seizure.

89.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

90.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>EIGHTH CAUSE OF ACTION: MALICIOUS PROSECUTION</u> - against defendant officers

91.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.

92.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

93.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

94.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

95.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 94 of this complaint as though fully set forth herein.

96.     In an effort to find fault to use against the plaintiff who is black, defendant officers met with themselves and with several other individuals on numerous occasions and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

97.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

98.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

TENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

99.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

100.    Defendant City of New York, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants,

reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

101.  Additionally, defendant City of New York, acting through Eric Gonzalez and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

102.  Defendant City of New York, acting through aforesaid NYPD and District Attorney(s), had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other illicit activities.

103.  Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

104.  For example, in *Jones v. City of New York*, 603 Fed. Appx. 13 (2d Cir. 2015), Police Officer David Rodriguez arrested the plaintiff in that matter, Javier Jones, merely because he was allegedly informed that Mr. Jones was in the company of another individual named Frantz Machon who allegedly did display a weapon.

105.  Officer Rodriguez was questioned at his deposition as to whether it is NYPD's policy to charge all members of a group with criminal possession of

a weapon when only one group member is alleged to have possessed a firearm.

106. Officer Rodriguez, as the Second Circuit observed, testified that although NYPD "does not have an official policy of charging all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm, [] 'That is what we do.'" *Jones*, 603 Fed. Appx. at 15.

107. Officer Rodriguez did further elaborate that "It is like an accomplice to the person with the firearm[]" and that "the normal procedure is when you have a situation like this, everyone gets charged with the firearm because we are going off on what the victim said . . . if the victim said that [Machon] had a firearm, that is going to be the charge for everyone."

108. As the plaintiff in Jones successfully argued before the Second Circuit, Officer Rodriguez's testimony shows that he "is unaware that he does not have probable cause to arrest a mere bystander[]" which confirms the fact that "he has not been trained on this issue by the City [and NYPD]."

109. Here, as was true in Jones, the City and NYPD has failed to train defendant officers and has failed to instill in them the fact that they lack probable cause to arrest an individual such as the plaintiff who was merely shopping.

110. In addition to the above, NYPD Police Officer Michael Carsey was recently convicted of felonies for lying under oath and falsifying information while applying for a search warrant.

111. Police Officer Carsey's supervisor, Sergeant William Eiseman, had earlier admitted to fabricating facts to justify searching vehicles and homes for cocaine, marijuana and guns, filing false information to obtain search warrants and performing illegal searches of vehicles and homes. That Sergeant Eiseman admitted to perjury and fabricating evidence against innocent persons that he falsely arrested and charged with possession of narcotics and/or illegal drugs, and also admitted to training numerous young police officers to commit similar crimes and/or offenses.

112.    In addition, in or about October 2011, Detective Stephen Anderson testified against Detective Jason Arbeeny, a veteran of the NYPD. That Detective Anderson testified that, among other things, it is a common practice within the NYPD to plant narcotics and/or illegal drugs -- commonly known within the NYPD as "flaking" -- on innocent persons in order to meet arrest quotas. Detective Anderson referred to the practice of planting narcotics and/or illegal drugs on innocent persons as "attaching bodies" to the narcotics and/or illegal drugs. According to Detective Anderson, this practice "was something I was seeing a lot of, whether it was from supervisors or undercovers and even investigators."

113.    Regarding the issue of arrest quotas, Detective Anderson confirmed that the NYPD requires officers to fill quotas, and testified that even as a detective "you still have a number [of arrests] to reach while you are in the narcotics division."

114.    Recently, a jury determined that officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

115.    Prior to his testimony, Detective Anderson and his partner provided false testimony in court claiming that they purchased cocaine from certain individuals who as surveillance video later confirmed did not have any sort of contact or communication with Detective Anderson and his partner during the time period that Detective Anderson and his partner claimed to have purchased the controlled substances and/or illegal drugs.

116.    Detective Arbeeny was subsequently convicted of planting controlled substances and/or illegal drugs on a woman and her boyfriend, and was convicted of the charges against him including official misconduct, offering a false instrument for filing and falsifying business records.

117.    Recently, the New York Supreme Court, County of Kings, Criminal Term, Gustin L. Reichbach, J., determined that the NYPD's drug unit has a system of flawed procedures that caused Detective Arbeeny's unlawful actions.

Judge Reichbach further determined that the NYPD's drug unit has a widespread culture of corruption and has adopted a "cowboy culture" and practice which he described as "[a]nything goes in the never-ending war on drugs." That Judge Reichbach expressed shock at what he described as "the seeming pervasive scope of misconduct [and even worse] . . . the seeming casualness by which such conduct is employed."

118.     Further, in or about 2008, the New York Supreme Court, County of Kings, Criminal Term, Albert Tomei, J., determined at a Mapp hearing in *People v. Simms*, Indictment No. 11263/07, which was held on or about September 9, 2008, that the police officers involved in the arrest in that matter are "not credible" and that the police officers' "testimony is so obviously fabricated . . . to avoid any Constitutional objections the defendant may have . . . and that [any] property taken . . . is to be suppressed because it was the product of an unlawful arrest and search and seizure."

119.     In addition to the instances of police misconduct described above, several officers of the NYPD -- including but not limited to Detective Christopher Perino, Police Officer Michael Daragjati, Police Officer Henry Tavarez, Police Officer William Masso, Detective Oscar Sandino, Detective Sean Johnstone, Sergeant Michael Arenella, Sergeant Jerry Bowens, Police Officer Michael Pena, Police Officer Nicholas Mina, Detective Kevin Spellman and Police Officer Admir Kacamakovic -- have recently been convicted of various similar crimes as those described herein including but not limited to falsifying police reports, perjury, corruption, robbery, gun running, drug dealing, prostitution, theft and assault. Former NYPD Commissioner Bernard Kerik was also recently convicted of corruption and similar crimes as those described herein.

120.     In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-75th Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

121.     Most of the arrests and charges made by officers assigned to the NYPD-75th Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

122.     Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-75th Precinct concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Johnny Ramirez v. City of New York* (17 CV 2142); *Latricia Goodridge v. City of New York* (16 CV 2749); *Jeffy Holley v. City of New York* (15 CV 1202); *Crystal Whitfield v. City of New York* (14 CV 6085); *Tyquan Myrick v. City of New York* (13 CV 2544); *Diane Dawson v. City of New York* (13 CV 180); *James Burgess v. City of New York* (12 CV 1322); *Derwin Goldson v. City of New York* (10 CV 5770); *Kamel Prude v. City of New York* (09 CV 3118); *Andrew Elmore v. City of New York* (08 CV 2433).

123.     Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

124.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

125.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

ELEVENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE
I, §§ 5, 6, 8, 11 & 12 - against defendants

126.   By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 125 of this complaint as though fully set forth herein.

127.   By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

128.   In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

129.   The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

130.   Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

TWELFTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

131.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 130 of this complaint as though fully set forth herein.

132.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

133.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

134.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 133 of this complaint as though fully set forth herein.

135.     By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

136.     The conduct of the defendants, as described herein, amounted to assault and battery.

137.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

138.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 137 of this complaint as though fully set forth herein.

139.     Based on the false testimony of defendants, the prosecutors initiated criminal actions against the plaintiff.

140.     Plaintiff was required to, and did, appear in court on multiple occasions to defend himself from the false charges levied against him with malice by defendants.

141.     Eventually, the criminal proceeding(s) terminated in plaintiff's favor.

142.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

143.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: TORTS (UNREASONABLE SEARCH AND SEIZURE) - against defendants

144.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 143 of this complaint as though fully set forth herein.

145.     The conduct of the defendants, as described herein, amounted to degrading, humiliating and unreasonable search and seizure, and unreasonable detention.

146.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

147.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 146 of this complaint as though fully set forth herein.

148.     Defendants seized and/or appropriated to themselves several of the plaintiff's properties including, but not limited to, the sneakers, headphone, cell phones, wallet and sum of money, and have refused to return the aforesaid properties to the plaintiff.

149.     In addition, the plaintiff, who owned a cleaning business just prior to his incarceration, lost his cleaning business, and was, and has been, unable to care for his children and family both financially and otherwise.

150.     Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, safeguard the plaintiff's properties and business, and were careless and negligent in their treatment of the plaintiff.

151.    The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

152.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

153.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 152 of this complaint as though fully set forth herein.

154.    The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

155.    Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

156.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

157.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 156 of this complaint as though fully set forth herein.

158.    Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

159.    Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff

or to those in a like situation would probably result from such conduct described herein.

160.      Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

161.      Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.      For compensatory damages against all defendants in an amount to be proven at trial;

b.      For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.      For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.      For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
June 21, 2018

UGO UZOH, P.C.

/s/

_____
By:   Ugochukwu Uzoh (UU-9076)
Attorney for the Plaintiff
304 Livingston Street, Suite 2R
Brooklyn, NY 11217
Tel. No: (718) 874-6045
Fax No: (718) 576-2685
Email: u.ugochukwu@yahoo.com